## 4158. EZELL v. CITY OF ATLANTA.

The Supreme Court, in response to questions certified to it by the Court of Appeals, having held that the ordinance under which the petitioner for certiorari was convicted, in so far as it relates to interstate shipments of liquors therein specified, is void and unenforceable, and since it was admitted on the trial before the city recorder that the report demanded of the accused was one relating to interstate shipments of liquors, the conviction of the accused by the recorder was illegal, and the judge of the superior court erred in refusing to sanction the petition for certiorari.

DECIDED JULY 15, 1913.

Certiorari; from Fulton superior court—Judge Bell. March 27, 1912.

*Little & Powell,* for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.,* contra.

RUSSELL, J. Ezell, agent of the Central of Georgia Railway Company at Atlanta, was arrested for a violation of a municipal ordinance requiring railway companies and all other common carriers to report receipts of any and all spirituous and malt liquors in quantities in excess of three gallons, and to permit the chief of

police and his officers acting under his authority to make an inspection of the books of the carrier company as to the receipts of such liquors.

Before filing his plea of not guilty the defendant presented a verified special plea setting up, (1) that the ordinance is too vague and indefinite to be capable of enforcement; (2) that the ordinance is void because the transaction to which the accusation relates was one had by the carrier in carrying on interstate commerce, and, so far as the ordinance requires the defendant to furnish the information required in the ordinance, it is repugnant to that provision of the 15th section of the interstate-commerce act, under which it is unlawful for a common carrier engaged in interstate commerce, or any of its agents or employees, knowingly to disclose, or permit to be acquired by any person other than the shipper or consignee, any information which may be used to the detriment of the shipper or consignee, or to improperly disclose his business transactions to a competitor, unless such information be given in response to legal process, for the prosecution of persons charged with or suspected of crimes, etc.; (3) that the ordinance, as applicable to the defendant and the transaction with which he stood charged, was repugnant to article 1, sec. 8, par. 3, of the constitution of the United States (Civil Code, § 6644, par. 3) to the effect that "The Congress shall have power . . to regulate commerce with foreign nations, and among the several States," etc.; and (4) that the ordinance is repugnant to section 20 of the interstate-commerce act, since, by said act of Congress, sole and exclusive jurisdiction is conferred upon the interstate-commerce commission to prescribe the manner in which common carriers shall keep their books and accounts; (5) that the ordinance is void because no authority has been conferred upon the City of Atlanta to pass it; and (6) that the ordinance is void because those portions which are repugnant to the constitution of the United States and the interstate-commerce act are so interdependent and so connected with the other provisions of the ordinance as to render the entire ordinance null and void.

The accused was tried before the recorder of the City of Atlanta, upon an agreed statement of facts, to the effect that Ezell was the agent of the Central of Georgia Railway Company, a common carrier engaged in commerce between the State of Georgia and other

adjoining States; that the City of Atlanta furnished printed blanks to the accused as agent of the railway company, to make the reports mentioned in the ordinance, and that a member of the police force of the City of Atlanta, having authority to make arrests for offenses against the laws of the State of Georgia and of the City of Atlanta, demanded reports required by said ordinance from Ezell, and that Ezell refused to furnish the same in response to the demand. In the meantime the railway company had received, at the agency of which the accused was in charge, certain shipments of spirituous and intoxicating liquors of more than 3 gallons each from points without the State of Georgia to Atlanta, Georgia, and had delivered them in the ordinary course. It was further admitted that the policeman, acting for the City of Atlanta, demanded of Ezell that he make a report to him of the receipts of shipments of spirituous liquors which had been delivered in quantities exceeding 3 gallons each, because he (the policeman) suspected that persons were receiving shipments of spirituous liquors over the Central of Georgia Railway for the purpose of sale, or illegal sale, in the City of Atlanta, and that he desired the information for the purpose of prosecuting such persons as he might ascertain had been guilty of illegal traffic in spirituous liquors; and the information, if disclosed, would have been used in the recorder's court of the City of Atlanta, which has jurisdiction not only of offenses against the ordinances of the City of Atlanta, but is also a court of inquiry with power to require bond for the appearance of those as to whom reasonable cause exists to apprehend that they have violated the laws of the State.

The recorder struck the special plea, and upon the facts as agreed to be true in the admitted statement of facts, adjudged the defendant guilty, and the judge of the superior court refused to sanction a petition for certiorari, in which the accused sought to review the judgment of the recorder. To the judgment of the judge of the superior court, in refusing to sanction the petition for certiorari, exception was taken by writ of error, upon all of the grounds originally urged in the special plea. This court certified to the Supreme Court appropriate questions as to each of these grounds; and, the Supreme Court holding, in answer to these questions, that the ordinance in question, being repugnant to the 15th section of the act of Congress commonly known as the interstate-commerce act, as amended June 18, 1910, is void and unenforceable so far as

·it relates to interstate shipments of liquors therein specified, an answer to other questions submitted was held to be unnecessary.

The opinion of the Supreme Court follows: "We will first consider the second question, that is, whether the ordinance is repugnant to that portion of the 15th section of the interstate-commerce act, which is set forth in that question. That section of the act, in express terms, makes it unlawful for any common carrier subject to the provisions of the act, or any officer, agent, or employee of such common carrier, knowingly to disclose the very information which the ordinance requires the agents of such common carriers, in charge of their business in the City of Atlanta, shall give to the police of the city; and the ordinance is therefore repugnant to the act, and for this reason void, unless the ordinance falls within the scope of the proviso of the act. Under the proviso the information sought to be obtained by the ordinance can only be given 'in response to any legal process issued under· the authority of any State or Federal court, or to any officer or agent of the Government of the United States, or of any State or Territory, in the exercise of his powers, or to any officer or other duly authorized person seeking such information for the prosecution of persons charged with or suspected of crime.' The provisions of the ordinance requiring the information to be given are general and apply to every case of interstate shipment of liquors, and are not limited to any of the instances referred to in the proviso of·the act. This is illustrated by the facts of this case, where an effort is made to enforce the ordinance in circumstances not within the proviso. The police officer who demanded the report from Ezell, as to certain interstate shipments of liquor, was not acting under any legal process issued under the authority of any State or Federal court, nor was he an officer or agent of the United States, or of any State or Territory, acting in the exercise of his powers, nor was he an officer or other duly authorized person seeking such information for the prosecution of persons charged with or suspected of crime. He had no warrant, no offense had been committed in his presence, he knew of no persons who had committed any offense against the State or the city; and therefore he was not acting, in demanding the report, as an arresting·officer in the exercise of his powers to make arrests. No person had been charged with crime—in fact no particular person had been suspected of committing a crime. The officer merely sus-

pected that if he obtained the information sought, he would then have reasonable grounds to suspect that some one had violated or would violate the prohibition law. The act of Congress under consideration does not give permission to common carriers engaged in interstate commerce, or their agents, to furnish information such as the ordinance seeks, as to interstate shipments, for the purpose of raising suspicion against some unidentified or unknown person or persons. But it permits such information to be given for the purpose of aiding the detection or prosecution of some particular person or persons already charged with or suspected of crime. It follows therefore that the answer to the second question must be in the affirmative.

"Manifestly the ordinance is not aimed at intrastate shipments alone, or separately from interstate shipments. It is a single legislative scheme to cover all shipments, irrespective of their origin. Indeed, as the manufacture or sale of the liquors referred to in the ordinance is prohibited in this State, it seems that there would be few, if any, intrastate shipments. It appears from the agreed statement of facts that the only shipments involved in the case were interstate in character, and there is no intimation that there were any intrastate shipments at all. As we have held the ordinance to be void for the reasons above stated, it is unnecessary to pass upon the question whether the requirements of the ordinance are, as to intrastate shipments, in conflict with the provisions of the Civil Code, § 2663, authorizing the Railroad Commission of the State to prescribe the methods in which common carriers shall keep their books and accounts. In view of what we have said, it becomes unnecessary to make specific answers to the other questions.

"It was suggested in the brief of counsel for the city that, since this case arose, what is known as the 'Webb act' has been passed by Congress. Whatever may be the extent or effect of that act—as to which we express no opinion, it has no effect upon the present case."

Since it was admitted by the City of Atlanta that the information to which the report would have related (if the report had been made in accordance with the ordinance) was as to shippers or consignees of interstate shipments, it follows that the recorder erred in adjudging the defendant guilty, and the judge of the superior court erred in refusing to sanction the petition for certiorari.

*Judgment reversed.*